USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/16/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OMAN GUTIERREZ,

                  Petitioner,

-against-

CHRISTOPHER MILLER,

                  Respondent.

1:17-cv-09570 (PGG) (SDA)

OPINION AND ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Before the Court is an application by *pro se* Petitioner Oman Gutierrez ("Gutierrez" or "Petitioner") to stay his Petition for a writ of habeas corpus to allow him time to exhaust certain claims in state court, which he proposes to add to the current proceeding. (*See* ECF No. 12.) For the reasons stated below, Gutierrez's application is DENIED WITHOUT PREJUDICE.

**BACKGROUND**

Gutierrez was convicted on December 14, 2010 in the Supreme Court of the State of New York, New York County, of murder in the first degree, murder in the second degree, conspiracy in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. (Pet., ECF No. 2, ¶¶ 1-5.) On direct appeal to the Appellate Division, First Department, Petitioner raised five points of error: (1) improper admission of testimony concerning Petitioner's (and others') prior bad acts; (2) improper admission of testimony from a witness, Eldia Duran, about audio recordings; (3) improper admission of evidence of multiple conspiracies other than the one charged and prosecuted at trial; (4) improper admission of expert testimony by a detective named Rivera; and (5) that the jury's conviction was against the weight of the evidence. (Brief for Def.-Appellant, *People v.*

*Gutierrez*, No. 14291, 2015 WL 3638361 (1st Dep't 2015).) The First Department affirmed Gutierrez's conviction on July 14, 2015. *People v. Gutierrez*, 130 A.D.3d 517 (1st Dep't 2015). On January 7, 2016, the New York Court of Appeals denied Petitioner leave to appeal. *People v. Gutierrez*, 26 N.Y.3d 1109 (2016).

Subsequently, Petitioner submitted to the First Department a petition for writ of error *coram nobis* ("*coram nobis* petition"), claiming ineffective assistance of appellate counsel, which was denied on October 25, 2016. (Pet., ECF No. 2, ¶ 11.). The New York Court of Appeals again denied Petitioner's application for leave to appeal on March 29, 2017. *People v. Gutierrez*, 29 N.Y.3d 949 (2017).

On December 5, 2017, Gutierrez brought his Petition for a writ of habeas corpus in this Court, pursuant to 28 U.S.C. § 2254. (Pet., ECF No. 2.) Gutierrez's Petition raises five grounds of error: (1) improper admission of testimony concerning prior bad acts; (2) improper admission of testimony from Eldia Duran about recorded audio transcripts; (3) improper admission of testimony about conspiracies other than the one charged and prosecuted at trial; (4) improper admission of expert testimony from Detective Rivera; and (5) ineffective assistance of appellate counsel. (Pet., ECF No. 2, ¶ 12.)

Subsequent to the referral to me by District Judge Gardephe (ECF No. 8), Petitioner submitted a letter, dated February 20, 2018, requesting to stay the proceedings in this Court so that Petitioner could pursue new, unexhausted, claims in state court via a motion to vacate judgment under N.Y. Crim. Proc. L. § 440.10. (Letter, ECF No. 12, at 1.) In his letter, Petitioner identifies two unexhausted claims he seeks to pursue in state court as the basis for his request for a stay: (1) that his Sixth Amendment right to a public trial was violated when the trial court

ejected his family members from the courtroom; and (2) that his trial counsel denied him the right to be present at material stages of his case. (Letter, ECF No. 12, at 2-5.) On March 5, 2018, Respondent filed an Affirmation in Opposition to Petitioner's stay application, asserting that the stay should be denied. (ECF No. 14.)

## DISCUSSION

### I.     Applicable Legal Standards

The statute under which Gutierrez filed his Petition, 28 U.S.C. § 2254, provides that "a[ny] person in custody pursuant to the judgment of a State court" must first exhaust all available remedies in state court before pursuing federal habeas review. 28 U.S.C. § 2254(b)(1)(A). The Court in a habeas case "ha[s] authority to issue stays where such a stay would be a proper exercise of discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (internal citation omitted). This discretion is limited, however, to circumstances where the Court is presented with a "mixed" petition seeking habeas corpus relief, *i.e.*, a "petition containing some claims that have been exhausted in the state courts and some that have not." *Id.* at 271; *see also Harden v. LaClaire*, No. 07-CV-4592 (LTS)(JCF), 2008 WL 4735231, at *2 (S.D.N.Y. Oct. 27, 2008) ("district courts have discretion to stay habeas petitions containing both exhausted and unexhausted claims."). A stay is not warranted in circumstances where a petition does not include unexhausted claims. *See Fernandez v. Ercole*, No. 14-CV-02974 (RA)(HBP), 2017 WL 2364371, at *6 (S.D.N.Y. May 31, 2017).

Even when a petitioner requests to stay a mixed petition to pursue unexhausted claims in state court, the petitioner must demonstrate good cause for failing to previously exhaust the claims. *Rhines*, 544 U.S. at 277; *see also Martinez v. Mariuscello*, No. 16-CV-7933 (RJS), 2017 WL

3

2735576, at *2-3 (S.D.N.Y. June 23, 2017) (finding Petitioner fails to meet good cause standard when "Petitioner provides no reason at all for his failure to exhaust his claims . . . ."). Further, a district court abuses its discretion when it grants a stay for a petitioner to pursue unexhausted claims which are plainly meritless. *Rhines*, 544 U.S. 269 at 277. Unexhausted claims are meritless, for example, when they are time-barred and do not "relate back" to claims asserted in the present petition. *Martinez*, 2017 WL 2735576, at *2-3 ("even if Petitioner could demonstrate good cause for his failure to exhaust his state law claims, almost all of the claims he hopes to add to his habeas petition are plainly lacking in merit because they are time barred and do not relate back to the claims asserted in Petitioner's present petition.").

II. **Application**

Petitioner states that he exhausted grounds (1) to (4) of his habeas petition on direct appeal, and that he exhausted ground (5) in his *coram nobis* petition. (Pet., ECF No. 2, ¶ 12.) The two claims Petitioner seeks to pursue now in state court are entirely new, unexhausted claims, which Petitioner did not raise on direct appeal, in his *coram nobis* petition or in this proceeding. Since Petitioner only raises exhausted claims in this proceeding, there is no basis now to stay the Petition, *see Fernandez*, 2017 WL 2364371, at *6, and his stay application is premature. Before the Court can address Petitioner's stay application, Petitioner must first move to amend his current Petition pursuant to Federal Rule of Civil Procedure 15(a) to add the new, unexhausted claims, so long as they are not time-barred.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations for claims raised in a habeas petition. 28 U.S.C. § 2244(d)(1). Pursuant to the AEDPA, the one-year limitation period runs

> from the latest of—(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year statute of limitations also applies to any amendments Petitioner makes to his Petition, unless the new claims in the amendment relate back to the original petition. *See* Fed. R. Civ. P. 15(c) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"); *see also Fama v. Comm 'r of Correctional Services*, 235 F.3d 804, 815 (2d Cir. 2000).

In the present case, on January 7, 2016, the New York Court of Appeals denied Gutierrez leave to appeal from the First Department's affirmance of his judgment; therefore, his judgment became final ninety days later, on April 6, 2016. Thereafter, Petitioner had one year to file a habeas petition, not including any time excluded for a properly-filed collateral challenge to the conviction in state court. *See* 28 U.S.C. § 2244(d)(1), (d)(2). As set forth in Respondent's Affirmation in Opposition, although the Petition was timely filed, the statute of limitations seems to have expired. (Opp. Aff., ECF No. 14, ¶ 12.) Accordingly, Petitioner may only amend his Petition if he can show either that (1) he could not previously have discovered the factual predicate of his proposed new claims through the exercise of due diligence, or (2) his proposed new claims relate back to his original claims pursuant to Fed. R. Civ. P. 15. If Petitioner can make either showing,

the Court will consider the merits of Petitioner's motion to amend. If leave to amend is granted, only then will the Court consider Petitioner's motion to stay.

## **CONCLUSION**

For the foregoing reasons, Petitioner's application to stay this proceeding is DENIED WITHOUT PREJUDICE. If Petitioner chooses to file a motion to amend, he shall do so no later than April 15, 2018, and shall concurrently file a motion to stay his Petition. Petitioner should be aware that this Court can grant a stay only if: (1) there is good cause for the Petitioner's failure to exhaust the unexhausted claims in state court before bringing a federal habeas petition; and (2) the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277. In his submission, Petitioner shall state when he discovered the factual basis for his new claims. If a motion to amend and stay is timely filed by Petitioner, Respondent shall file any papers in opposition within two weeks of the date that Petitioner's motion is filed on ECF.

The deadlines contained in the Order to Answer (ECF No. 9) shall be reset, as follows:

No later than May 30, 2018, Respondent shall file and serve (1) an answer to the Petition, and (2) the transcripts and briefs identified in Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner may file and serve reply papers, if any, within thirty days from the date he is served with Respondent's answer.

The Clerk of Court is directed to mail a copy of this Order to the *pro se* Petitioner.

**SO ORDERED.**

DATED:   New York, New York
         March 16, 2018

_____
STEWART D. AARON
United States Magistrate Judge